**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>COMMUNITY HEALTH SYSTEMS PROFESSIONAL<br>SERVICES CORPORATION<br>4000 Meridian Boulevard<br>Franklin, TN 37067 | )<br>)<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>ABILENE REGIONAL MEDICAL CENTER,<br>6250 Highway 83/84<br>Abilene, TX  79606 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>AFFINITY MEDICAL CENTER,<br>875 Eighth Street, N.E.<br>Massillon, OH  44648 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>ALTA VISTA REGIONAL HOSPITAL,<br>104 Legion Drive<br>Las Vegas, NM  87701 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a<br>BARBERTON CITIZENS HOSPITAL,<br>155 5th St. NE<br>Barberton, OH 44203 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>BERWICK HOSPITAL CENTER,<br>701 East 16th Street<br>Berwick, PA  18603 | ) Civil Action No. 1:14-cv-1432<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>BIG BEND REGIONAL MEDICAL CENTER,<br>2600 Highway 118 North<br>Alpine, TX  79830 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. d/b/a<br>BLUFFTON REGIONAL MEDICAL CENTER,<br>303 S. Main Street<br>Bluffton, IN  46714 | )<br>)<br>)<br>)<br>) |
| COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a<br>BRADLEY COUNTY MEMORIAL HOSPITAL,<br>2305 Chambliss Avenue<br>Cleveland, TN  37311 | )<br>)<br>)<br>) |

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
BRANDYWINE HOSPITAL, )
201 Reeceville Rd. )
Coatesville, PA  19320 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
BYRD REGIONAL HOSPITAL, )
1020 Fertitta Blvd. )
Leesville, LA  71446 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
CAROLINAS HOSPITAL SYSTEM, )
805 Pamplico Hwy )
Florence, SC  29505 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
CHESTNUT HILL HOSPITAL, )
8835 Germantown Avenue )
Philadelphia, PA  19118 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
CLAREMORE REGIONAL MEDICAL CENTER, )
1202 N. Muskogee Place )
Claremore, OK  74017 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
CLEVELAND REGIONAL MEDICAL CENTER, )
300 East Crockett )
Cleveland, TX  77327 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
COLLEGE STATION MEDICAL CENTER, )
1604 Rock Prairie Road )
College Station, TX  77845 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
DENTON COMMUNITY HOSPITAL, )
3000 North Interstate 35 Frontage Rd. )
Denton, TX  76201 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
DETAR HOSPITAL NAVARRO, )
506 E. San Antonio Street )
Victoria, TX  77901 )
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
DUKES MEMORIAL HOSPITAL, )
275 West 12th Street )
Peru, IN  46970-1698 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
DUPONT HOSPITAL, )
2520 E. Dupont Road )
Fort Wayne, IN  46825 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
DYERSBURG REGIONAL MEDICAL CENTER, )
400 Tickle Street )
Dyersburg, TN  38024 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
EASTERN NEW MEXICO MEDICAL CENTER, )
405 West Country Club Road )
Roswell, NM  88201 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
EASTON HOSPITAL, )
250 South 21st Street )
Easton, PA  18042-3892 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
EVANSTON REGIONAL HOSPITAL, )
190 Arrowhead Drive )
Evanston, WY  82930 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
FANNIN REGIONAL HOSPITAL, )
2855 Old Highway 5, North )
Blue Ridge, GA  30513 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
GATEWAY REGIONAL MEDICAL CENTER, )
2100 Madison Avenue )
Granite City, IL  62040 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
HARRIS HOSPITAL, )
1205 McLain )
Newport, AR  72112 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
HARTSELLE MEDICAL CENTER, )
201 Pine St NW )
Hartselle, AL  35640 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
HENDERSON COUNTY COMMUNITY HOSPITAL, )
200 West Church St. )
Lexington, TN  38351 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
HIGHLAND MEDICAL CENTER, )
2412 50th Street )
Lubbock, TX  79412 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
HILL REGIONAL HOSPITAL, )
101 Circle Drive )
Hillsboro, TX  76645 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
JENNERSVILLE REGIONAL HOSPITAL, )
1015 West Baltimore Pike )
West Grove, PA.  19390 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
KENTUCKY RIVER MEDICAL CENTER, )
540 Jetts Drive )
Jackson, KY  41339 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
L.V. STABLER MEMORIAL HOSPITAL, )
29 L.V. Stabler Drive )
Greenville, AL  36037 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LAKE AREA MEDICAL CENTER, )
4200 Nelson Road )
Lake Charles, LA  70605 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LAKE GRANBURY MEDICAL CENTER, )
1310 Paluxy Road )
Granbury, TX  76048 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LAKE WALES MEDICAL CENTER, )
410 South 11th Street )
Lake Wales, FL  33853 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
LAKEVIEW COMMUNITY HOSPITAL, )
820 W. Washington St. )
Eufaula, AL  36027 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LAKEWAY REGIONAL HOSPITAL, )
726 McFarland Street )
Morristown, TN  37814 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LAREDO MEDICAL CENTER, )
1700 East Saunders )
Laredo, TX  78041 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LEA REGIONAL MEDICAL CENTER, )
5419 N. Lovington Hwy )
Hobbs, NM  88240 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LOCK HAVEN HOSPITAL, )
24 Cree Drive )
Lock Haven, PA  17745-2699 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LONGVIEW REGIONAL MEDICAL CENTER, )
2901 N. Fourth Street )
Longview, TX  75605 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
LUTHERAN HOSPITAL, )
7950 W. Jefferson Blvd. )
Fort Wayne, IN  46804 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MARTIN GENERAL HOSPITAL, )
310 S. McCaskey Road )
Williamston, NC  27892 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MAT-SU REGIONAL MEDICAL CENTER, )
2500 S. Woodworth Loop )
Palmer, AK  99645 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MCKENZIE REGIONAL HOSPITAL, )
161 Hospital Dr. )
McKenzie, TN  38201 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MCKENZIE-WILLAMETTE MEDICAL CENTER, )
1460 G Street )
Springfield, OR  97477 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MCNAIRY REGIONAL HOSPITAL, )
705 Poplar Ave. )
Selmer, TN  38375 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MEMORIAL HOSPITAL OF SALEM COUNTY, )
310 Woodstown Road )
Salem, NJ  08079 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MESA VIEW REGIONAL HOSPITAL, )
1299 Bertha Howe Avenue )
Mesquite, NV  89027 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MIMBRES MEMORIAL HOSPITAL, )
900 W. Ash Street )
Deming, NM  88030 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MOBERLY REGIONAL MEDICAL CENTER, )
1515 Union Avenue )
Moberly, MO  65270 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
MOUNTAIN WEST MEDICAL CENTER, )
2055 N. Main )
Tooele, UT  84074-2794 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
NATIONAL PARK MEDICAL CENTER, )
1910 Malvern Ave )
Hot Springs, AR  71901 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
NAVARRO REGIONAL HOSPITAL, )
3201 West Highway 22 )
Corsicana, TX  75110 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
NORTH OKALOOSA MEDICAL CENTER, )
151 Redstone Avenue, S.E. )
Crestview, FL  32539-6026 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
NORTHEAST MEDICAL CENTER, )
3024 Stadium Boulevard )
Jonesboro, AR  72401 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
NORTHEAST REGIONAL MEDICAL CENTER, )
315 S. Osteopathy )
Kirksville, MO  63501 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
NORTHWEST MEDICAL CENTER, )
6200 N. LaCholla Blvd. )
Tucson, AZ  85741 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
PARKWAY REGIONAL HOSPITAL, )
2000 Holiday Lane )
Fulton, KY  42041 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
PAYSON REGIONAL MEDICAL CENTER, )
807 South Ponderosa )
Payson, AZ  85541 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
PHOENIXVILLE HOSPITAL, )
140 Nutt Road )
Phoenixville, PA  19460 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
PLATEAU MEDICAL CENTER, )
430 Main Street )
Oak Hill, WV  25901 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
POTTSTOWN MEMORIAL MEDICAL CENTER, )
1600 East High Street )
Pottstown, PA  19464 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
RED BUD REGIONAL HOSPITAL, )
325 Spring Street )
Red Bud, IL  62278 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
REGIONAL HOSPITAL OF JACKSON, )
367 Hospital Blvd. )
Jackson, TN  38305 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
RUSSELL COUNTY MEDICAL CENTER, )
58 Carroll Street )
Lebanon, VA  24266 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SAN ANGELO COMMUNITY MEDICAL CENTER, )
3501 Knickerbocker Road )
San Angelo, TX  76904 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SCENIC MOUNTAIN MEDICAL CENTER, )
1601 West Eleventh Place )
Big Spring, TX  79720 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SKYRIDGE MEDICAL CENTER, )
2305 Chambliss Avenue )
Cleveland, TN  37311 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SOUTH TEXAS REGIONAL MEDICAL CENTER, )
1905 Highway 97 E )
Jourdanton, TX  78026 )
)
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SOUTHAMPTON MEMORIAL HOSPITAL, )
100 Fairview Drive )
Franklin, VA  23851 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SOUTHERN VIRGINIA REGIONAL MEDICAL )
CENTER, )
727 North Main Street )
Emporia, VA  23847 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SOUTHSIDE REGIONAL MEDICAL CENTER, )
200 Medical Park Blvd. )
Petersburg, VA  23805 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SPRINGS MEMORIAL HOSPITAL, )
800 W. Meeting Street )
Lancaster, SC  29720 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
ST. JOSEPH HOSPITAL, )
700 Broadway )
Fort Wayne, IN  46802 )
)
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
ST. MARY'S REGIONAL MEDICAL CENTER, )
1808 W. Main St. )
Russellville, AR  72801 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
SUNBURY COMMUNITY HOSPITAL, )
350 N. Eleventh Street )
Sunbury, PA  17801 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
THREE RIVERS MEDICAL CENTER, )
2483 Highway 644 )
Louisa, KY  41230 )
)
COMMUNITY HEALTH SYSTEMS, INC. d/b/a )
UNION COUNTY HOSPITAL, )
517 North Main )
Anna, IL  62906 )
)
)
)

COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
WASHINGTON COUNTY HOSPITAL,                )
958 US Highway 64 E                        )
Plymouth, NC  27962                        )
                                           )
COMMUNITY HEALTH SYSTEMS, INC. d/b/a        )
WATSONVILLE COMMUNITY HOSPITAL,            )
75 Nielson Street                          )
Watsonville, CA  95076                     )
                                           )
COMMUNITY HEALTH SYSTEMS, INC. d/b/a        )
WESTERN ARIZONA REGIONAL MEDICAL           )
CENTER,                                    )
2735 Silver Creek Road                     )
Bullhead City, AZ  86442                   )
                                           )
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
WILLAMETTE VALLEY MEDICAL CENTER,          )
2700 SE Stratus Ave                        )
McMinnville, OR  97128                     )
                                           )
COMMUNITY HEALTH SYSTEMS, INC. formerly d/b/a )
WOODLAND COMMUNITY HOSPITAL,               )
1910 Cherokee Ave., SW                     )
Cullman, AL  35055                         )
                                           )
COMMUNITY HEALTH SYSTEMS, INC. d/b/a        )
WOODWARD REGIONAL HOSPITAL,                )
900 17th Street                            )
Woodward, OK  73801                        )
                                           )
                  Plaintiffs,              )
                                           )
          v.                               )
                                           )
SYLVIA MATHEWS BURWELL, Secretary          )
United States Department of                )
Health and Human Services,                 )
200 Independence Avenue, S.W.              )
Washington, DC  20201,                     )
                                           )
                  Defendant.               )
_____)

<u>**COMPLAINT FOR JUDICIAL REVIEW UNDER THE**</u>
<u>**MEDICARE ACT, 42 U.S.C. § 1395oo(f)**</u>

The above-captioned Plaintiffs allege as follows:

<u>**INTRODUCTION**</u>

1.      This case stems from the refusal of the Secretary of the Department of Health and Human Services (the "Secretary") to follow Congress's prohibition against making changes to the policies relating to Medicare reimbursement of bad debts that were in effect on August 1, 1987, otherwise known as the Medicare Bad Debt Moratorium (the "Bad Debt Moratorium").  42 U.S.C. § 1395f note; Pub. L. No. 100-203, § 4008, 101 Stat. 1330, 1355 (1987).

2.      The term "bad debt" refers to Medicare beneficiary deductible and coinsurance amounts which remain unpaid after a provider makes reasonable efforts to collect those amount from the beneficiary.  In order to ensure that these amounts are not borne by individuals who are not covered by the Medicare program, the Medicare program reimburses providers for bad debts under certain circumstances.  42 C.F.R. § 413.89(b)(l).

3.      After the Bad Debt Moratorium went into effect, the Secretary promulgated a policy that prohibited providers from seeking reimbursement for bad debts while those debts remained at an outside collection agency (the "presumption of collectability").  The Secretary's new policy was not communicated to the Plaintiffs until 2006.  In addition to violating the Moratorium, this policy was inconsistent with the governing regulations, the agency's sub-regulatory guidance to providers, and prior positions taken by the Administrator of the Centers for Medicare & Medicaid Services (the "CMS Administrator"), and the Provider Reimbursement Review Board ("PRRB" or "Board").

4.      Two federal courts have held that the presumption of collectability violates the Bad Debt Moratorium.  *See District Hosp. Partners L.P. v. Sebelius,* 932 F. Supp. 2d 194, 199

(D.D.C. 2013) (analyzing the Bad Debt Moratorium and ruling that the Moratorium prohibits the Secretary from: (1) changing the Secretary's own bad debt policies in place in 1987; and (2) changing a provider's established bad debt policy); *Foothill Hosp. v. Leavitt*, 558 F. Supp. 2d 1, 10-11 (D.D.C. 2008) (the "blanket prohibition against reimbursement while collection efforts are ongoing constitutes a change in policy, for this policy did not exist prior to the effective date of the Moratorium"); *but see Lakeland Reg'l Health Sys. v. Sebelius*, 958 F. Supp. 2d 1 (D.D.C. 2013).

5. Nevertheless, Plaintiffs' fiscal intermediaries applied the presumption of collectability against each of the Plaintiffs when it audited their cost reports for the fiscal years ending in 2004, 2005 and 2006. The Plaintiffs appealed the fiscal intermediary's denial of their claimed bad debts to the PRRB, the tribunal charged with deciding disputes between Medicare providers and their fiscal intermediaries over the amount of reimbursement owed by the Medicare program for services rendered to Medicare patients. *See generally* 42 U.S.C. § 1395oo.

6. The Board ruled in favor of the fiscal intermediary. The PRRB concluded that "the Intermediary properly disallowed the [Plaintiffs'] claimed Medicare bad debts solely on the ground that accounts related to such bad debts were still pending at outside collection agencies." Board Decision at 15 (A true and correct copy of the PRRB's decision is attached hereto as Exhibit A).

7. The CMS Administrator declined to review the PRRB's decision, making that decision the final decision of the Secretary subject to judicial review under 42 U.S.C. § 1395oo(f).

8. Plaintiffs file this action seeking judicial review of the Secretary's decision and respectfully request that the Court reverse the PRRB's decision.

## JURISDICTION AND VENUE

9.      This is a civil action arising under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.*, to obtain judicial review of a final decision of the Secretary that adversely impacted the Plaintiffs' Medicare reimbursement for their fiscal years ending in 2004, 2005 and 2006.

10.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1395oo(f).

11.     Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f) as Plaintiffs may bring actions seeking judicial review of a final decision of the Secretary in the District Court for the District of Columbia.

## PARTIES

12.     During the fiscal periods at issue herein, Plaintiffs were qualified as providers of hospital services under the federal Medicare Program pursuant to Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.*  A list of the plaintiff-hospitals with their Medicare provider numbers and fiscal years at issue is included as Exhibit B and incorporated herein by reference.

13.     Defendant, Sylvia Mathews Burwell, is the Secretary of the United States Department of Health and Human Services, and the federal official responsible for administering the Medicare program.

## STATUTORY AND REGULATORY BACKGROUND

## THE MEDICARE PROGRAM

14.     Title XVIII of the Social Security Act, as amended, 42 U.S.C. §§ 1395-1395kkk-1 (the "Medicare Act") establishes a system of health insurance for the aged and disabled.  42 U.S.C. § 1395c.  Plaintiffs entered into written agreements with the Secretary to provide hospital

services to eligible individuals as "providers of services" under the Medicare Act.  42 U.S.C. § 1395c.

15.    The Medicare program is federally funded and is administered by the Secretary through the Centers for Medicare & Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration ("HCFA").  42 U.S.C. § 1395kk; 42 Fed. Reg. 13,202 (Mar. 9, 1977).

**BAD DEBT REIMBURSEMENT**

16.    The Medicare statute and regulations prohibit cost shifting.  *See* 42 U.S.C. § 1395x(v)(l)(A); 42 C.F.R. § 413.89(d) (formerly, § 413.80(d)). Generally, cost shifting occurs in the following two ways: (1) the necessary costs of delivering health care to Medicare enrollees are borne by individuals who are not Medicare recipients, or (2) the necessary costs of delivering health care to the hospital's other patients not covered by Medicare are borne by Medicare. *See* 42 U.S.C. § 1396x(v)(l)(A).

17.    When receiving inpatient and outpatient hospitals services, Medicare beneficiaries are responsible for paying coinsurance and deductible amounts.  42 U.S.C. §§ 1395e and 13951. The failure of beneficiaries to pay the deductible and coinsurance amounts could result in the costs related to covered services being borne by individuals who are not Medicare beneficiaries. To assure that such covered service costs are not borne by others, the Medicare program will reimburse hospitals as "[b]ad debts" the costs attributable to the deductible and coinsurance amounts that remain unpaid. 42 C.F.R. § 413.89(d).

18.    In order to quality for reimbursement of Medicare bad debts, under 42 C.F.R. § 413.89(e), providers must show that the unpaid deductible and coinsurance amounts meet the following criteria:

      a.      The debt must be related to covered services and derived from deductible and coinsurance amounts;

      b.      The provider must be able to establish that reasonable collection efforts were made;

      c.      The debt was actually uncollectible when claimed as worthless; and

      d.      Sound business judgment established that there was no likelihood of recovery at any time in the future.

19.      In regard to the third criteria above requiring the debt to be actually uncollectible when claimed as worthless, CMS provides additional sub-regulatory guidance in the Provider Reimbursement Manual, Part I ("PRM-I").  It states:  "If after reasonable and customary attempts to collect a bill, the debt remains unpaid more than 120 days from the date the first bill is mailed to the beneficiary, the debt may be deemed uncollectible."  PRM-1 § 310.2.  Uncollectible deductible and coinsurance amounts are recognized as allowable bad debts in the reporting period in which such bad debts are determined to be uncollectible.  PRM-1 § 314.  In order to protect the Medicare program against any losses or improper payments, if a provider subsequently recovers funds related to previously written off bad debts, such recovery reduces the allowable bad debts in the period of recovery.  PRM-I § 316.

20.      As a result of disputes arising because of inconsistent policies regarding bad debts being applied by the fiscal intermediaries, Congress enacted the Bad Debt Moratorium which prohibited the Secretary from making any changes to the policies relating to bad debts that were in effect on August 1, 1987.  42 U.S.C. § 1395e note.

## THE MEDICARE APPEAL PROCESS

21.     At the close of its fiscal year, each Medicare provider must submit a "cost report" showing both the costs it incurred during the fiscal year and the appropriate portion of those costs to be allocated to the Medicare program.  42 C.F.R. §§ 413.10 and 413.24.  A contractor for the Medicare program, commonly referred to as a fiscal intermediary, reviews the cost report and informs the provider of the intermediary's determination of the amount of the provider's Medicare reimbursement for that cost reporting period.  This final determination is known as the Notice of Program Reimbursement or "NPR."  42 C.F.R. § 405.1803.

22.     If a provider is dissatisfied with its fiscal intermediary's final determination of its Medicare program reimbursement for a particular cost reporting period, and if the provider meets the requirements set forth in 42 U.S.C. § 1395oo(a), the provider may appeal the intermediary's determination to the PRRB.  42 U.S.C. § 1395oo.

23.     The PRRB is a five member administrative tribunal that decides disputes between Medicare providers and their fiscal intermediaries over the amount of reimbursement owed by the Medicare program for services rendered to Medicare patients.  *See generally* 42 U.S.C. § 1395oo.

24.     The PRRB has the power to affirm, modify or reverse any determination of a fiscal intermediary with respect to a cost report and to make any other modification on matters covered by the cost report.  42 C.F.R. § 403.1869.

25.     The CMS Administrator may review the PRRB's decision and adopt or reverse the decision in whole or in part.  The decision of the PRRB (or of the CMS Administrator if the Board's decision is reviewed by the Administrator) becomes the final determination of the

Secretary, which is subject to judicial review pursuant to 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1875.

**FACTS AND PROCEDURAL BACKGROUND**

26.     The Secretary's policy regarding the presumption of collectability has never been consistently applied by CMS or the fiscal intermediaries.

27.     In October 2002, the Secretary's fiscal intermediary reviewed the bad debt collection practices of CHS (the corporate parent of the Plaintiff hospitals) and issued a letter to CHS which stated that, assuming consistent collection efforts have been made, the relevant regulations allow a provider to presume a Medicare debt uncollectible and write it off after 120 days.  The letter further stated that the regulation does not prohibit the provider from continuing collection efforts after write-off.

28.     The Plaintiffs were not made aware of the Secretary's policy regarding the presumption of collectability until informed by their fiscal intermediary in June 2006.

29.     For each of the fiscal years at issue in this case (*see* Exhibit B), Plaintiffs submitted cost reports which included reimbursement claims for Medicare bad debts.  The claimed bad debts included amounts for unpaid deductibles and coinsurance that had been sent to an outside collection agency for collection but, in the exercise of their sound business judgment, Plaintiffs had deemed worthless because of the unlikelihood of collection in the future.  Indeed, the Plaintiffs exercised reasonable collection efforts to collect the claimed bad debts, and these efforts exceeded the 120-day collection period set forth in PRM-I § 310.2.  Collection efforts for Medicare and non-Medicare bad debts were handled the same.

30.     As illustrated by the stipulations between the Plaintiffs and fiscal intermediary during proceedings before the PRRB (Board Decision at 5-7), with regard to the bad debt claimed

on each of the Plaintiffs' cost reports, the only issue in this case is whether the bad debt is reimbursable despite the Secretary's recently adopted policy on the presumption of collectability. That is, there is no dispute in this case as to the reasonableness of the Plaintiffs' collection efforts, the nature of the debts at issue, or that the Plaintiffs actively pursued all bad debts for greater than 120 days.

31.     The Plaintiffs' fiscal intermediaries issued NPRs disallowing the bad debts claimed by the Plaintiffs.  The fiscal intermediaries justified their adjustments by asserting that Medicare bad debts may not be claimed for accounts that remain at an outside collection agency. In total, these adjustments reduced the Plaintiffs' Medicare reimbursement by approximately $16,986,591 for fiscal years 2004, 2005, and 2006.

32.     The Plaintiffs timely appealed each NPR to the PRRB, in order to challenge the disallowance of the bad debts.  As required by regulations governing proceedings before the PRRB, the appeals were consolidated into three "Common Issue Related Party" group appeals known as "CHS 2004 Bad Debt Group," "CHS 2005 Bad Debt Group," and "CHS 2006 Bad Debt Group."  ("CHS" is a reference to Community Health Systems, Inc., the Plaintiffs' corporate parent.)

33.     A hearing was held before the PRRB on December 8, 2011.  There, the Plaintiffs argued that the fiscal intermediary's adjustments violated the Bad Debt Moratorium, which prohibits CMS and its contractors from making any changes to the Secretary's pre-1987 bad debt policies.  Plaintiffs also argued that the fiscal intermediary's adjustments violated the Bad Debt Moratorium because they applied the presumption of collectability which effected a change in each of the provider's established bad debt policy with its fiscal intermediary – evidenced by the

intermediary's October 2002 letter – which allowed for reimbursement of bad debt that remained with a collection agency.

34.     The Plaintiffs have shown that the fiscal intermediary's actions were inconsistent with the governing statute, regulations, sub-regulatory guidance, and CMS policy.

35.     The Secretary has never published the presumption of collectability in the Federal Register as required by the Administrative Procedure Act ("APA") and the Medicare Act.

36.     In a decision dated July 1, 2014, the PRRB issued a decision in favor of the fiscal intermediary holding that the intermediary "properly disallowed the [Plaintiffs'] claimed Medicare bad debts solely on the ground that accounts related to such bad debts were still pending at outside collection agencies." Exhibit A.

## INVALIDITY OF THE SECRETARY'S DECISION

37.     The PRRB's decision is reviewable by this Court pursuant to the provisions of the APA, 5 U.S.C. § 706. 42 U.S.C. § 1395oo. The Board's decision in this case is inconsistent with and unauthorized by the governing Medicare statute, regulations, and manual provisions, is arbitrary and capricious, is not supported by evidence in the record, and violates the APA and the Medicare program's publication requirements, for the following reasons, among others:

a.     The Board's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency violates the provision of the Bad Debt Moratorium that prevents CMS from changing its policies regarding bad debts that were in effect as of August 1, 1987.

b.     The Board's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency violates the provision of the Bad Debt Moratorium that prevents CMS or fiscal

19

intermediaries from changing audit practices in existence as of August 1, 1987 and prior, and from requiring a hospital to change its prior practices and policies related to claiming bad debt.

c.     The Board's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency is inconsistent with the governing regulations, including 42 U.S.C. § 413.89, and substantive manual provisions, including PRM-I §§ 308, 310, 310.2, 314 and 316.

d.     The Board's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency is inconsistent with prior positions taken by the CMS Administrator, the PRRB, and the fiscal intermediary.

e.     The *authority* that the Board relied upon to conclude that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency was not properly published and, therefore, violated the APA and 42 U.S.C. Section 1395hh(c)(l).

f.     The evidence in this case established that bad debt amounts claimed by the Plaintiffs were properly deemed uncollectible and worthless. The Board's decision therefore is not supported by substantial (or any) evidence in the record.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For an order reversing the Board's decision at issue and requiring the Secretary to reimburse Plaintiffs for the bad debt claims on their fiscal year ending 2004, 2005, and 2006 cost reports;

2.     For interest pursuant to 42 U.S.C. § 1395oo(f)(2);

3.     For costs of suit; and

4.     For such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Daniel J. Hettich
Daniel J. Hettich
 D.C. Bar No. 975262
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, D.C.  20006
Telephone:  (202) 626-9128
Facsimile:  (202) 626-3737
E-mail:  dhettich@kslaw.com

Attorneys for Plaintiffs

Dated:  August 21, 2014